Inasmuch as no objection is pending at this time, the stay is lifted.

MAY - 9 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 23 2008

FILED
CLERK'S OFFICE

#4

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FASTENERS ANTITRUST LITIGATION     MDL No. 1912

(SEE ATTACHED SCHEDULE)

U.S. DISTRICT COURT
FILED
MAY 19 2008
S.D. OF N.Y.

CONDITIONAL TRANSFER ORDER (CTO-2)

On February 27, 2008, the Panel transferred four civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). Since that time, ten additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable R. Barclay Surrick.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Surrick.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of February 27, 2008, and, with the consent of that court, assigned to the Honorable R. Barclay Surrick.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

A CERTIFIED TRUE COPY

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 5/14/08

DEPUTY CLERK, UNITED STATES DISTRICT COURT

## IN RE: FASTENERS ANTITRUST LITIGATION

MDL No. 1912

### SCHEDULE CTO-2 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

NEW YORK SOUTHERN
NYS 1  08-444          The Quiltex Co., Inc. v. William Prym GmbH & Co., KG, et al.
NYS 1  08-1008         Genetic Denim v. YKK Corp., et al.
NYS 1  08-1878         Lion Apparel, Inc., et al. v. William Prym GmbH & Co., KG, et al.
NYS 1  08-2165         Kappler, Inc., et al. v. William Prym GmbH & Co. KG, et al.

**DEFENDANT:** RADICA NARINE
**CASE NUMBER:** 1:S1 07 Cr. 00693-001(BSJ)
**DISTRICT:** S.D.N.Y

# STATEMENT OF REASONS
(Not for Public Disclosure)

## I COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

**A** [x] The court adopts the presentence investigation report without change.

**B** [ ] The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if (Use page 4 if necessary.)

   1 [ ] Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or specific offense characteristics):

   2 [ ] Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3 [ ] Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4 [ ] Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

**C** [ ] The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

## II COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

**A** [ ] No count of conviction carries a mandatory minimum sentence.

**B** [ ] Mandatory minimum sentence imposed.

**C** [ ] One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   [ ] findings of fact in this case
   [ ] substantial assistance (18 U.S.C. § 3553(e))
   [ ] the statutory safety valve (18 U.S.C. § 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level: __10__
Criminal History Category: __1__
Imprisonment Range: __6__ to __12__ months
Supervised Release ____ to __1__ years
Fine Range: __2,000__ to $ __20,000__

[x] Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **RADICA NARINE**
CASE NUMBER: **1:S1 07 Cr. 00693-001(BSJ)**
DISTRICT: **S.D.N.Y.**

## STATEMENT OF REASONS
(Not for Public Disclosure)

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)**

A ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4 if necessary.)

C     The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D **x**   The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)**

A   The sentence imposed departs (Check only one.):
    below the advisory guideline range
    ☐ above the advisory guideline range

B   Departure based on (Check all that apply.):

1   Plea Agreement (Check all that apply and check reason(s) below.):
    ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
    ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
    ☐ binding plea agreement for departure accepted by the court
    ☐ plea agreement for departure, which the court finds to be reasonable
    ☐ plea agreement that states that the government will not oppose a defense departure motion.

2   Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
    ☐ 5K1.1 government motion based on the defendant's substantial assistance
    ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
    ☐ government motion for departure
    ☐ defense motion for departure to which the government did not object
    ☐ defense motion for departure to which the government objected

3   Other
    Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   Explain the facts justifying the departure. (Use page 4 if necessary.)

**DEFENDANT:** RADICA NARINE
**CASE NUMBER:** 1:S1 07 Cr. 00693-001(BSJ)
**DISTRICT:** S.D.N.Y.

# STATEMENT OF REASONS
(Not for Public Disclosure)

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

**A** The sentence imposed is (Check only one.):
   **x** below the advisory guideline range
   ☐ above the advisory guideline range

**B** Sentence imposed pursuant to (Check all that apply.):

   **1** Plea Agreement (Check all that apply and check reason(s) below.):
   ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
   ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
   ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory system

   **2** Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
   ☐ government motion for a sentence outside of the advisory guideline system
   ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
   ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

   **3** Other
   ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s)

**C** Reason(s) for Sentence Outside the Advisory Guideline System (Check all that apply.)

   **x** the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
   ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
   ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
   ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
   ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective (18 U.S.C. § 3553(a)(2)(D))
   ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
   ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

**D** Explain the facts justifying a sentence outside the advisory guideline system. (Use page 4 if necessary.)

   See attached Sentencing Hearing Transcript dated May 16, 2008.

AO 245B (Rev. 06/05) Criminal Judgment
Case 1:08-cv-01878-DC    Document 4    Filed 05/19/2008    Page 5 of 11

1   HUD.  Just because it came up so recently, we don't have them
2   yet.  What we anticipate doing, your Honor, is, once we get the
3   documents, sharing them with Mr. Meyers.  If Mr. Meyers is
4   correct, of course we'll submit an order reflecting that.  If
5   we were originally correct -- the point is we're going to
6   agree.  We anticipate agreeing.
7            THE COURT:  Okay.
8            MR. BLANCHE:  And so under 18 United States Code,
9   Section 3664(d)(5), we'd just ask for 90 days, and within that
10  time, we anticipate submitting a restitution order to your
11  Honor.
12           THE COURT:  All right.  Try and get it to me a little
13  bit before that, even sooner, if possible, only because I have
14  to do an amended judgment.  And that should be submitted within
15  the 90-day period.
16           MR. BLANCHE:  Yes, your Honor.
17           THE COURT:  As far as I understand it.
18           MR. BLANCHE:  Absolutely.  Yes, your Honor.
19           THE COURT:  All right.  Thank you.  Then I will not
20  order restitution today.  We'll defer that.  Look, I recognize
21  that we're talking about -- I certainly believe probation,
22  without any institutional incarceration, is the appropriate
23  sentence in this case.  Mr. Blanche, I'm going to ask you if
24  you have any comments on this.  I notice that probation doesn't
25  really say anything about home confinement, per se, and whether

1  it makes any sense in this particular situation. Of course
2  they do believe probation makes sense, as do I, for lots of
3  reasons, including one which is that they will be able to
4  monitor the defendant's, as they say, living circumstances and
5  the submission of future documentation so that there will be
6  compliance with Section 8 housing criteria.
7       I'm not trying to put you on the spot. I know you
8  don't usually comment. But can you think of a reason why home
9  detention is sensible in this case, I mean other than the fact
10 that it's an additional punishment?
11      MR. BLANCHE: That's the only thing that I would say,
12 your Honor. I agree, because it's impossible not to, with what
13 Mr. Meyers just said, that if your Honor were to impose that,
14 it would be a punishment and --
15      THE COURT: Which is part of the goals of sentencing,
16 of course.
17      MR. BLANCHE: Without a doubt, although I do also
18 agree with Mr. Meyers' sentiments, having interacted with
19 probation and Pretrial Services, that it would probably be a
20 constant barrage of letters and phone calls by the defendant
21 and/or her lawyer asking for permission with the defendant's
22 family or herself, medical condition. So aside from what your
23 Honor just said that it would be punishment, I can't think of
24 any other reason that it would be necessary in this case.
25      THE COURT: All right. Let me say this: To the

1   extent that I know anything at all about how home confinement
2   works, it is punishment, but from a practical standpoint in
3   this case, it doesn't seem to me to make a great deal of sense,
4   because I think it would actually turn out to be very difficult
5   for the probation department to be constantly giving Ms. Narine
6   approvals for the variety of events that she would like to be
7   permitted to leave the home for.
8         I certainly do impose home confinement, but it's
9   usually with persons who really only need to leave the home for
10  employment, which is a regularly scheduled period of time, and
11  then any occasional medical or other treatment-type situations,
12  which would not be certainly as numerous as what I think we can
13  certainly see documented and anticipate in a case of
14  Ms. Narine.  So I do intend to sentence her to probation but
15  not to six months' home confinement, which I recognize is a
16  variance from the advisory guidelines, but I think in this case
17  well justified.
18        All right.  Let me just for the record indicate that
19  of course Ms. Narine -- well, and before I go any farther, let
20  me hear from you if you would like to say something on your own
21  behalf.
22        THE DEFENDANT:  Your Honor, I want to say that I'm
23  sorry for everything.  If I wasn't in a messed up state of
24  mind...
25        THE COURT:  All right.  Ms. Narine, you have told me

10

1  you're sorry. Unless you have something else that you want to
2  say, you can sit down.
3       All right. Ms. Narine, you already know I'm going to
4  give you probation. That's a good thing in many ways, because
5  the probation officer is someone who can help you, and you
6  should use them as a resource. They will of course require you
7  to follow all the rules of probation, which I expect that you
8  will, but they may also be able to help you with respect to
9  treatment, if you need it, medical or psychiatric and other
10 things. So remember that.
11      Now, I don't want you to think that because you're
12 getting probation, what you did wasn't serious, but looking at
13 you and listening to you and seeing how upset you have gotten
14 this afternoon, I recognize and I believe that you do know that
15 it was a serious crime to have committed. I also recognize,
16 however, that your physical condition needs to be taken care
17 of, and I hope and expect that you will do that while you're on
18 probation. And, again, let them help you, if they can, with
19 respect to that. Your mental condition needs to be taken care
20 of, as does everyone's, and you need to make sure that you're
21 taken care of yourself by showing up for your appointments and
22 making sure that your medications are being taken.
23      I think that the crime that you have pled guilty to,
24 you were allowed to plead guilty to a misdemeanor in this case,
25 which is not as serious as a felony. And the low guideline

1  range -- the advisory guideline range in this case reflects
2  that this is not on a level with more serious crimes and
3  certainly not on a level with most of the crimes that come
4  before me every day.
5           I don't expect you ever to commit a crime again,
6  Ms. Narine. I don't think that you will. And I just cannot
7  underscore enough that you should cooperate with probation.
8  And to the extent that they may be able to help you, let them
9  help you. Okay. Now, they are going to be interested in
10 whether or not your husband is living in the home and whether
11 or not you have to include his income on those submissions.
12 And you have got to be honest, or you're going to show up back
13 here again in front of me, because when you are on probation,
14 you can be called back in if you violate it. So, please,
15 understand that. Okay?
16          All right. Let me just state the sentence now that I
17 intend to impose, which I've already indicated and I've given
18 the reasons why is a variance from the guidelines but I believe
19 the appropriate sentence in this case.
20          Ms. Narine, it is the judgment of this Court that you
21 be sentenced to a term of three years of probation. While
22 you're on probation, you'll be subject to the following
23 mandatory conditions: You shall not commit another federal,
24 state or local crime. You shall not illegally possess a
25 controlled substance. You shall not possess a firearm or a

**DEFENDANT:** RADICA NARINE
**CASE NUMBER:** 1:S1 07 Cr. 00693-001(BSJ)
**DISTRICT:** S.D.N.Y.

## STATEMENT OF REASONS
(Not for Public Disclosure)

**VII COURT DETERMINATIONS OF RESTITUTION**

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: <u>deferred for 90 days</u>

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. §

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):


**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)**




Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 1/2/1960

Defendant's Residence: 125-15 97th Ave. 1st Floor Apt.
Richmond Hill, New York
Defendant's Mailing Address: Same as Above

Date of Imposition of Judgment
May 16, 2008

Signature of Judge
Barbara S. Jones, U.S. District Judge
Name and Title of Judge
Date Signed 5/20/08